```
                               UNITED STATES DISTRICT COURT
                               SOUTHERN DISTRICT OF FLORIDA

                               CASE NO. 16-14212-Civ-MOORE
                                       (05-14040-Cr-MOORE)
                               MAGISTRATE JUDGE P.A. WHITE
```

CHAUNCEY DONNELL STRONG,

    Movant,

vs.                                                                                  REPORT OF
                                                                                   MAGISTRATE JUDGE

UNITED STATES OF AMERICA,

    Respondent.
_____/

## I. Introduction

This matter is before the Court on the Movant's <u>pro se</u> motion to vacate filed pursuant to 28 U.S.C. §2255, attacking the constitutionality of his sentence entered following a guilty plea in **case no. 05-14040-Cr-Moore**.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts. No order to show cause has been issued because, on the face of the motion, it is evident the movant is entitled to no relief. <u>See</u> Rule 4(b),[1] Rules Governing Section 2255 Proceedings.

Before the Court for review are the motion to vacate (Cv-

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings, provides, in pertinent part, that "[I]f it plainly appears from the motion and any attached exhibits, and the record of prior proceeding that the movant party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party...."

DE#1), the Presentence Investigation Report ("PSI"), Statement of Reasons ("SOR"), and all pertinent portions of the underlying criminal file.

## II. Claim

Construing the §2255 motion liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 519 (1972), the Movant raises as a sole ground for relief that he no longer qualifies as a career offender under U.S. the Sentencing Guidelines pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). (DE#1:1-4). He argues that the residual clause of the Armed Career Criminal Act that was deemed void for vagueness in Johnson is identical to the definition of crime of violence under the guidelines. (Id.). Therefore, vacatur of his sentence as a career offender is warranted. (Id.).

## III. Procedural History

The Movant pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base (Count 1), in violation of 21 U.S.C. §846 and possession with intent to distribute 5 grams or more of cocaine base (Count 2), in violation of 21 U.S.C. §841(a)(1). (Cr-DE#40). The parties agreed, although not binding on the probation officer or the court, to jointly recommend that the court impose a sentence within the advisory guideline range, and that neither party would recommend an upward or downward departure from the advisory guideline sentence. (DE#40:3). He acknowledged, as part of the plea agreement, that as to Count 1, he was facing a minimum of 10 years and up to a term of life imprisonment. (Cr-DE#40:2). As to Count 2, he acknowledged he was facing a minimum of 5 years and up to 40 years imprisonment. (Id.). After a Rule 11

2

proceeding, the plea was accepted, and he was adjudicated guilty. (DE#90).

Prior to sentencing, a PSI was prepared, which revealed as follows. The Movant's base offense level was initially set at a level 32, based on the fact that the offense of conviction involved at least 50 grams, but less than 150 grams cocaine base. (PSI ¶35). However, his offense level was then increased on the basis that he qualified for an enhanced sentence as a career offender, pursuant to U.S.S.G. §4B1.1(a), in pertinent part because the offense of conviction involved a felony controlled substance offense, and the Movant had at least two prior felony convictions for controlled substance offenses, as set out in case nos. CF97-655A (sale of cocaine and sale of cannabis), CF99-884A (sale of cocaine within 1,000 feet of child care facility), and CF02-372A (possession of cannabis with intent to sell). (PSI ¶41). Three levels were removed for acceptance of responsibility, resulting in a total adjusted offense level 34. (PSI ¶¶42-44). The PSI next determined that movant had a total of 8 criminal history points; however, because he committed the instant offense less than 2 years after he was released from custody, two additional points were added, resulting in a criminal history category VI. (PSI ¶¶52-53). His criminal history remained at a category VI because of his status as a career offender. (PSI ¶53).

Based on a total offense level of 34 and a criminal history of VI, the resulting guideline range was set at 262 months imprisonment at the low end, and 327 months imprisonment at the high end. (PSI ¶89). Statutorily, as to Count 1, Movant faced a minimum of 10 years and up to a maximum of life imprisonment, for violation of 21 U.S.C. §841(b)(1)(A). (PSI ¶88). As to Count 2, he faced a minimum term of imprisonment of 5 years and up to a maximum

of 40 years imprisonment for violation of 21 U.S.C. §841(b)(1)(B).

On October 17, 2005, the Movant appeared for sentencing. (Cr-DE#89). After considering the advisory guidelines, and the goals of 18 U.S.C. §3553, he was sentenced to the low end of the guideline range to a term of 262 months imprisonment, followed by 5 years supervised release. (Cr-DE#50). The judgment was entered by the Clerk on October 19, 2005. (Cr-DE#50). No direct appeal was prosecuted. Thus, the judgment became final on **November 2, 2005**, when the 10-day period for prosecuting a direct appeal expired.[2]

Thus, the Movant had one year from the time his conviction became final, following entry of the judgment above, or no later than **November 2, 2006**,[3] within which to timely file this federal habeas petition. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); see also, See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on

---

[2]Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). On December 1, 2009, the time for filing a direct appeal was increased from 10 to 14 days days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6).

Here, movant was sentenced before the effective date of the amendment, thus he had ten days, excluding Saturdays and Sundays, within which to file his notice of appeal. See Fed.R.App.P. 26(a)(1)(B).

[3]See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)); see also, 28 U.S.C. §2255.

the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)). Applying the anniversary method to this case means petitioner's limitations period expired on **November 2, 2006.**

A year and a half after the limitations period had already expired, the Movant returned to this court filing a motion for reduction of sentence pursuant to 18 U.S.C. §3585(c)(2). (Cr-DE#57). The motion was denied. (Cr-DE#62). Movant appealed. (Cr-DE#63). The Eleventh Circuit dismissed the appeal. (Cr-DE#92). Certiorari was denied on October 8, 2014. (Cr-DE#93). Subsequently, Movant filed a second motion for reduction of sentence which was also denied. (Cr-DEs#94,97).

The Movant has now returned to this court, signing and handing the instant §2255 motion to vacate to prison authorities for mailing on **June 8, 2016,** in accordance with the mailbox rule.[4] (Cv-DE#1).

### IV. Standard of Review

Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was

---

[4]"Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

5

imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see Hill v. United States, 368 U.S. 424, 426-27 (1962). A sentence is otherwise subject to collateral attack if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill, 368 U.S. at 428.

## V.   Discussion

### A.   Timeliness

As narrated previously, the Movant's conviction become final in **2005**, and the limitations period expired in **2006**, but this federal proceeding was not instituted until **2016**. Thus, well over one year has expired, thereby making this federal petition untimely filed. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); see also, See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)).

A one-year period of limitations applies to a motion under Section 2255. The one year period runs from the latest of:

6

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

As a general matter, AEDPA's one-year time limit begins running once the defendant exhausts or foregoes his opportunity to pursue direct appeal. Clay v. United States, 537 U.S. 522 (2003). More pertinent to this case, a §2255 motion is timely if it was filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...." See 28 U.S.C. §2255(f)(3).

As a starting point, the Court turns to the date upon which Movant's judgment of conviction became final under 28 U.S.C. §2255(f)(1). Here, his conviction became final when the 10-day period for prosecuting an appeal following his judgment expired on **November 2, 2005.** Accordingly, in order for this motion to vacate to be timely, it must have been filed in this Court on or before **November 2, 2006.** The instant motion to vacate was not filed until

7

**June 8, 2016,** more than **9 years** after the applicable limitations period had already expired.

Movant maintains that the one-year period commenced on **June 26, 2015,** when the Supreme Court issued its Samuel Johnson decision. Therefore, the filing of this federal petition before **June 26, 2016** makes this proceeding timely. (Cv-DE#1). Under §2255(f)(3), a §2255 motion can be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." Thus, Movant's motion, filed before the anniversary of the Samuel Johnson decision, would be timely if Samuel Johnson falls within the parameters of §2255(f)(3).

Thus, Movant claims that the motion was timely filed, pursuant to §2255(f)(3) because the then recent Supreme Court Johnson decision triggered a new limitations period and/or he is otherwise entitled to equitable tolling of the limitations period. Movant is mistaken. The Movant asserts that he was improperly sentenced as a career offender under the United States Sentencing Guidelines pursuant to Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). Movant's reliance on Johnson is misplaced.

It is true that this motion was filed within one year of the Johnson decision. It is equally true that both the Supreme Court and the Eleventh Circuit have determined that Johnson is retroactively applicable to cases on first time collateral review, as is the Movant's situation here. First, the Eleventh Circuit Court of Appeals, in binding authority, determined that Johnson "appl[ies] retroactively in the first post-conviction context." Mays v. United States, ___ F.3d ____, 2016 WL 1211420, at *1 (11th

Cir. March 29, 2016) (published). Thereafter, on **April 18, 2016**, the **Supreme Court** also made Johnson retroactively applicable to cases on first post-conviction collateral review. See Welch v. United States, 2016 WL 1551144, 578 U.S. ___ (April 18, 2016).

However, even if the motion is timely under Samuel Johnson, the Eleventh Circuit has specifically determined that the Samuel Johnson decision does not apply to a career offender under U.S.S.G. §4B1.1. In Samuel Johnson, the United States Supreme Court held that the ACCA's residual clause[5] is unconstitutionally vague. Id. at 2557. The Armed Career Criminal Act increases sentences for certain offenders who have three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. §924(e)(1). The definition of "violent felony" under the Act is nearly identical to the definition of "crime of violence" under the guidelines, and both definitions contain an identical residual clause that include crimes that "present[] a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B); U.S.S.G. §4B1.2(a)(2).

Although the residual clause contained in the career offender enhancement is virtually identical to the ACCA's residual clause, the Eleventh Circuit has expressly rejected the argument that the advisory guidelines can be unconstitutionally vague, concluding that the vagueness doctrine applies only to laws that prohibit

---

[5]Under the ACCA the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that:

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**....

18 U.S.C. §924(e) (emphasis added).

9

conduct and fix punishments, not advisory guidelines." United States v. Matchett, 802 F.3d 1185, 1189, 1193-96 (11th Cir. 2015). Therefore, the Eleventh Circuit has "squarely foreclose[d]" the movant's Johnson-based argument. United States v. Brown, 2015 WL 9301410 (11th Cir. Dec. 22, 2015). Given the foregoing, movant cannot demonstrate he is entitled to relief based on the retroactivity or applicability of Johnson. Therefore, this motion filed over one year after his judgment became final is not timely.

Notwithstanding, the Supreme Court has, just this past month, granted certiorari review to resolve a circuit split regarding whether the void for vagueness doctrine in the Samuel Johnson decision also applies to career offenders. See Beckles v. United States, Case No. 15-8544, 2016 WL 1029080 (2016). In Beckles v. United States, 616 Fed. Appx. 415, 416 (11th Cir. 2015), the Eleventh Circuit, on remand from the Supreme Court, affirmed the defendant's career offender sentence. The Eleventh Circuit in Beckles determined that the Supreme Court's decision in Johnson v. United States, __ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) did not apply to the defendant, because it does not control guideline definitions, and reiterated that their decision in United States v. Hall, 714 F.3d 1270 (11th Cir. 2013), remains good law until a decision of the Supreme Court clearly on point changes it. Id. (citing Atl. Sounding Co., Inc. v. Townsend, 496 F.3d 1282, 1284 (11th Cir. 2007) ("Under our prior panel precedent rule, a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is 'clearly on point.'")).

Review of the Movant's motion reveals that his arguments involve claims of legal not factual innocence. Therefore, no miscarriage of justice exception entitles Movant to consideration of the arguments raised herein, and this motion remains time-

barred. See Sawyer v. Whitley, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)(noting that the miscarriage of justice exception is concerned with actual as compared to legal innocence).

Movant's *pro se* status also does not excuse the timeliness of this federal motion. (Cv-DE#1). A movant's *pro se* status or ignorance of the law do not constitute "extraordinary circumstances" supporting equitable tolling.[6] See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required). See also Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000)(holding that petitioner's *pro se* status and ignorance of the law are not "rare and exceptional" circumstances because they are typical of those bringing §2254 claims"); Marsh v. Soares, 223 F.3d 1217 (10th Cir. 2000)(holding that federal habeas petitioner was not entitled to equitable tolling of limitations period; neither inmate's ignorance of the law, nor fact that inmate law clerk working through prison legal access program helped draft petition, excused prompt filing); Carrasco v. United States, 2011 WL 1743318, *2-3 (W.D.Tex. 2011)(finding that movant's claim that he just learned of Padilla

---

[6] It is well accepted that pro se filings are subject to less stringent pleading requirements, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. See Haines v. Kerner, 404 U.S. 519 (1972). See also Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005); Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). However, the policy of liberal construction for pro se litigants' pleadings does not extend to a "liberal construction" of the one-year limitations period.

11

decision did not warrant equitable tolling, although movant was incarcerated and was proceeding without counsel, because ignorance of the law does not excuse failure to timely file §2255 motion); Holloway v. Jones, 166 F.Supp.2d 1185 (E.D.Mich. 2001)("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations.").

In conclusion, Movant did not file his §2255 motion within one-year of the applicable limitations period. He has failed to show that he is entitled to be excused from the applicable limitations period for any or all the reasons provided. Thus, as currently filed, this motion is time-barred.

### B. Motion to Stay

Given the Eleventh Circuit's binding precedent, while it remains the recommendation of the undersigned that the challenge to this conviction is time-barred, the court may wish to stay imposition of judgment in this matter until such time as the Supreme Court issues a decision in Beckles, supra. If this matter is not stayed, and the movant later wishes to re-assert a Samuel Johnson claim in a second or successive §2255 motion, he may well be time-barred as the anniversary of Samuel Johnson expired on June 26, 2016. Therefore, the time to apply for permission to file a successive petition on that basis would expire if this first filing is dismissed. In re Robinson, ___ F.3d ____, 2016 WL 1583616, at *2 (11th Cir. Apr. 19, 2016) (Martin, Circuit Judge, concurring in judgment) (citing Dodd v. United States, 545 U.S. 353, 359 (2005)).

Under the AEDPA, the one-year limitations period for a §2255 motion, based on the Supreme Court's Samuel Johnson, decision, runs

from the date of that decision—June 26, 2015—not the date on which it was declared retroactive to cases on collateral review. See 28 U.S.C. §2255(f)(3) (providing, as relevant here, that the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); Dodd, 545 U.S. at 358-59 ("[I]f this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his §2255 motion.").

The law is well settled that federal district courts have the inherent power to stay proceedings in one suit until a decision is rendered in another. See Landis v. North Am. Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); Gov't. of the Virgin Islands v. Neadle, 861 F.Supp. 1054 (M.D.Fla. 1994). Further, the parties to the two causes and the issues involved need not be identical for a court to have the power to stay a case. See Landis, 299 U.S. at 254. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-255; see also Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The district court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Where federal courts with concurrent jurisdiction are involved, there is no need to demonstrate compelling need for a stay, but merely that the stay is appropriate. Neadle, 861 F.Supp.

at 1056. This is true, "[E]specially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." Landis, 299 U.S. at 256. Since it is clear that the movant here is seeking review of his sentence overturned in light of the Beckles case which is currently under review by the Supreme Court. "The power to stay dual proceedings is necessary to avoid the inefficiency of duplication, the embarrassment of conflicting rulings, and the confusion of piecemeal resolutions where comprehensive results are required." Neadle, 861 F.Supp. at 1055 (citing West Gulf Maritime Assn. v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir.1985)).

Therefore, the undersigned finds that a stay is appropriate in the above-styled action, as the resolution of Beckles will illuminate whether the Samuel Johnson decision will apply retroactively to career offenders. It is therefore recommended that the instant §2255 proceeding be STAYED pending the issuance of an opinion by the Supreme Court in Beckles v. United States, supra, and that the Clerk be directed to administratively CLOSE this case.

### C. **Amendment to the Guidelines**

It is also worth mentioning, that the Sentencing Commission has adopted an amendment to the definition of "crime of violence" contained in U.S.S.G. §4B1.2(a)(2), purportedly in response to the disagreement among the Circuits with respect to the application of Johnson to the parallel provision in the Sentencing Guidelines.[7]

---

[7]See United States Sentencing Commission January 8, 2016 Press Release, which can be found on-line at http://www.ussc.gov/news; and http://www.ussc.gov/guidelines/amendments/reader-friendly-version-amendment-crimeviolence.

14

The proposed amendment eliminates the residual clause and revises the list of specific enumerated offenses qualifying as crimes of violence. The effective date of this proposed amendment would be August 1, 2016. If the amendment is ultimately adopted and made retroactive, the movant can then return to this court, filing a motion, pursuant to 18 U.S.C. §3582, in the respective underlying criminal cases. The undersigned, however, takes no position on whether the amendment will be made retroactively applicable.

## VI. **Evidentiary Hearing**

Movant is also not entitled to an evidentiary hearing on the limitations issue and/or the claims raised in this proceeding. Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. See Schriro v. Landrigan, 550 U.S. 465, 473-75, 127 S.Ct. 1933, 1939-40, 127 S.Ct. 1933 (2007)(holding that if record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). See also Townsend v. Sain, 372 U.S. 293, 307 (1963); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979)(holding that §2255 does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner simply asserts a claim of ineffective assistance of counsel, and stating: "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

## VII. <u>Certificate of Appealability</u>

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2255 Proceedings, Rule 11(b), 28 U.S.C. foll. §2255.

After review of the record, Movant is not entitled to a certificate of appealability. "A certificate of appealablilty may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id</u>. 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Movant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. <u>Slack v. McDaniel</u>, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). <u>See also</u> <u>Eagle v. Linahan</u>, 279 F.3d 926, 935 (11th Cir. 2001). Because the §2255 motion is clearly time-barred, Movant cannot satisfy the <u>Slack</u> test. <u>Slack</u>, 529 U.S. at 484.

As now provided by Rules Governing §2255 Proceedings, Rule 11(a), 28 U.S.C. foll. §2255: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VIII. Recommendations

Based on the foregoing, it is recommended that: (1) the final judgment dismissing this motion as time-barred be stayed until the Supreme Court's resolution of Beckles, which will decide whether the Samuel Johnson decision applies to career offenders; (2) that the Clerk be directed to administratively CLOSE this case; (3) that no certificate of appealability issue, and (4) that this case be administratively closed, with instructions to the parties to file a notice with this court within thirty days of the issuance of the Supreme Court's Beckles decision so that the matter can be reopened.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 6th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Chauncey Donnell Strong, PRO SE
    75210-004
    Jesup FCI
    Federal Correctional Institution
    Inmate Mail/Parcels
    2680 301 South
    Jesup, GA 31599

    Corey Steinberg
    United States Attorney's Office
    500 E. Broward Blvd. 7th Floor
    Fort Lauderdale, FL 33394
    Email: corey.steinberg@usdoj.gov